UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-60338-COOKE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTHONY YOUNGLOVE,

    Defendant.

_____

## **DETENTION ORDER**

Pursuant to 18 U.S.C. § 3142(f), on December 1, 2021, the undersigned held a hearing to determine whether the Defendant Anthony Younglove should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure Defendant's appearance at trial or the safety of the community. Therefore, it is hereby ordered that Defendant Anthony Younglove be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), this Court hereby makes the following findings of fact and statement of reasons for the detention:

    1. **18 U.S.C. § 3142(g)(1) -- Nature and Circumstances of the Offense.** Defendant is charged by way of Indictment[1] with multiple counts of distribution of and

---

[1] At the time of the detention hearing no indictment had yet been returned. Defendant

possession with intent to distribute controlled substances; one count of possession of a firearm during a drug trafficking crime; and maintaining three drug-involved premises, in violation of 21 U.S.C. §§ 841, 856 and 18 U.S.C. § 924(c).  Four of the distribution charges carry a maximum penalty of twenty (20) years' imprisonment;  one distribution charge carries a minimum of five years incarceration with a maximum of 40 years;  the possession with intent to distribute charge carries a minimum of 10 years imprisonment with a maximum of life imprisonment;  the maintaining premises charges each carry a maximum of 20 years' imprisonment; and the 924(c) charge carries a maximum of life imprisonment with a five (5) year minimum sentence, which must run consecutive to any other sentence.   The Government estimated Defendant's guideline range to be 235-293 months after trial.   A rebuttable presumption arises based upon a probable cause finding that a defendant committed an offense under Title 21 with a maximum penalty of ten years or more (Counts 1-6, 8-11) or a 924(c) charge (Count 7).   18 U.S.C. § 3142(e)(3)(A) and (B).   Based on the proffer and evidence presented at the hearing, this Court finds that the Government has established probable cause in this case, therefore the presumption applies.   18 U.S.C. § 3142(g) (1).

    2. **18 U.S.C. § 3142(g) (2) -- Weight of the Evidence**.   The weight of the evidence against this Defendant is strong.   At the hearing, the Government proceeded by way of proffer, with HSI Special Agent Justin Kalarchian then made available for cross-examination.   The evidence shows that in February 2021, Defendant's father was

---

was subsequently indicted (Case No. 21-60338-COOKE).   The facts supporting all of the charges in the Indictment were proffered at the hearing.

arrested on federal charges stemming from alleged distribution of narcotics from a restaurant he owned (Chi-Town).  A search warrant of the father's residence revealed cocaine, heroin, fentanyl, MDMA, Xanax, oxycontin, and approximately $500,000 in US currency.  On the date of the warrant execution, Defendant was observed on surveillance cameras inside the father's home.  (There is no evidence that Defendant was tampering with or destroying evidence.  At the time of this search, Defendant was not a target of the investigation.)  Defendant's father was indicted, and his case is pending.  Evidence in that case revealed texts between father and son purportedly discussing selling drugs.  Shortly after the father's arrest, Government informants (CIs) and undercover officers (UCs) made contact with Defendant and ultimately engaged in multiple (more than 30 in total) purchases of street level quantities of cocaine, and later larger quantities of heroin and fentanyl.  The purchases usually were conducted at one of Defendant's businesses or in the parking lot (Chi-Town and two adjacent businesses that apparently were simply fronts for drug sales; Chi-town, on the other hand, was an ongoing restaurant business).  Defendant would be observed by law enforcement leaving his residence with bags, then driving to the restaurant where he would remove the bags and bring them inside.  Almost all of the undercover buys were video- and audiotaped, and all CI buys were also visually surveilled.  On November 17, 2021, a UC did a controlled buy of approximately six ounces of heroin/fentanyl in exchange for $10,800.  A search of Defendant's car revealed cocaine, MDMA, Alprazolam and over $230,000 in US currency.  There was also a loaded Taurus .38 firearm under the driver's seat, with the firearm's serial number obliterated.  No law enforcement officers saw Defendant in

actual possession of this or any firearm. Search warrants were executed on Defendant's businesses, yielding additional narcotics, including a kilogram of cocaine, 30 pounds of amphetamine pills, 90,000 Alprazolam pills, as well as a large amount of cash and a loaded 9mm rifle. A search of Defendant's home yielded money counters, scales, and drug paraphernalia. Search of another car associated with Defendant (but registered to his father) produced additional drugs, currency, and another firearm. Altogether, law enforcement recovered approximately 290 grams of heroin/fentanyl, 320 grams of MDMA, 6 kilograms of marijuana, 33 kilograms of Alprazolam, 13 kilograms of fentanyl, 380 grams of oxycodone, and smaller quantities of other pills, as well as three firearms and a large quantity of US currency. 18 U.S.C. § 3142(g)(2).

3. **18 U.S.C. § 3142(g)(3) -- History and Characteristics of the Defendant.** Anthony Younglove was born in 1993 in Broward County. He is a lifelong South Florida resident. He currently resides in Pompano Beach with Candace Riggins and their two minor children. His father and mother are both incarcerated. He has four siblings: two brothers who are incarcerated and two sisters who reside in South Florida. Defendant attended Boca High School but did not earn a diploma. He is self-employed as owner of Chi-Town restaurant in Pompano Beach. He reports to be in excellent physical health and has no history of mental health problems or treatment. He uses marijuana daily. He has no significant criminal history. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. **18 U.S.C. § 3142(g)(4) -- Danger to any Person or the Community.** Based upon the statutory presumption and the unrebutted proffered evidence, which

alleges that Defendant was the source for multiple cocaine, heroin and fentanyl deals and possessed a large quantity of multiple controlled substances and at least one firearm, all within months of his father's arrest on similar charges, the undersigned finds that Defendant would pose a danger to the community if released. Based upon the statutory presumption and the unrebutted proffered evidence, including Defendant's recent possession of large amounts of cash and the fact that he is facing a very significant sentence, the undersigned also finds that he poses a risk of flight. 18 U.S.C. § 3142(g)(4).

      5. Based upon the above findings of fact, which were supported by the appropriate evidentiary standards (clear and convincing for danger to the community; preponderance for flight risk), this Court specifically finds that there are no conditions or combination of conditions of release that reasonably will assure the safety of any other person and the community or that reasonably will assure Defendant's appearance at trial. 18 U.S.C. § 3142(e).

      The Court hereby directs:

      (a) That the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

      (b) That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

      (c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the

Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 7th day of December, 2021.

_____

Copies to:   All counsel of record

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE