UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 21-60338-CR-DIMITROULEAS/HUNT

UNITED STATES OF AMERICA,

v.

ANTHONY YOUNGLOVE,

          Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Third-Party George Simmons' Verified Petition for Hearing to Adjudicate the Validity of His Interest in Forfeited Property, ECF No. 59, and the United States' Motion for Final Order of Forfeiture, ECF No. 81. The Honorable William P. Dimitrouleas, United States District Judge, referred these Motions to the undersigned for disposition. ECF Nos. 80, 82; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed the Motions, the Responses, and Replies thereto, the argument of Counsel at a June 20, 2023 hearing, the entire record, applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that the United States' Motion be GRANTED and that George Simmons' Petition be DENIED AS MOOT,[1] for the reasons outlined below.

Background

On November 3, 2022, this Court entered a Preliminary Order of Forfeiture, ECF No. 55, forfeiting, subject to third-party interests and pursuant to 21 U.S.C. § 853, Anthony Younglove's interest in commercial real property ("the property") located in

---

[1] At the hearing, the Parties agreed to recognize the interest petitioned for in this Motion. Accordingly, the Motion should be Denied as Moot.

Broward County. Two individuals had claims against the property. One, a renter with a valid lease agreement, has been provided for and is not subject to the current dispute.

The other, George Simmons ("Petitioner"), has an undisputed valid interest under 21 U.S.C. § 853(n)(6)(A) in the property by virtue of a mortgage currently encumbering the property. Although the Parties have engaged in extensive briefing, the real issue before this Court can be summarized relatively simply. As Petitioner puts it, "[t]he issue before this Court—crystallized by the parties' briefs—is which subsection of 21 U.S.C. § 853 controls Simmons' rights as the undisputed, innocent holder of a superior mortgage over the forfeited property – subsection (k) or subsection (n)." ECF No. 84 at *1. Petitioner argues that subsection (n) forfeits to the Government only the rights of the convicted Defendant, leaving Petitioner's superior mortgage and other security instruments as they were before the criminal activity. The Government, on the other hand, relies on subsection (k) for the notion that it should receive clear title to the property.

Discussion

At its heart, Petitioner's argument is one of fairness. Petitioner argues that if the United States prevails, it would be fundamentally unfair that he, an innocent third party, be subject to the whims of a forfeiture sale. Such an outcome, were the sale to fall short of the amount he's owed, would give him little recourse to recoup his investment, he argues. Petitioner's proposal, then, is to simply sell the property subject to his mortgage interest.

Indeed, according to Petitioner, such an outcome is required. Citing *United States v. Ramunno*, Petitioner argues "the [district] court must amend the final order of

forfeiture to *exempt* the qualifying interests of third-parties." 599 F.3d 1269, 1273 (11th Cir. 2010) (emphasis added and deleted by Petitioner); *see also United States v. Gilbert*, 244 F.3d 888, 911 (11th Cir. 2001) (under ancillary forfeiture statutes, "the court releases [superior] interests and amends its order of forfeiture accordingly"). Petitioner wishes for this Court to put the emphasis on "exempt," and require his mortgage interest to remain after the Court enters a Final Order of Forfeiture.

Petitioner's argument, however, runs afoul of 21 U.S.C. § 853(k), which, subject to the procedures outlined in 21 U.S.C. § 853(n), "prohibits a 'party claiming an interest in property subject to foreclosure under th[at] section' from 'commenc[ing] an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under th[at] section.'" *United States v. Avila-Torres*, No. 17-20148-CR-SCOLA, 2019 WL 2177342, at *5 (S.D. Fla. May 20, 2019) (citing 21 U.S.C. § 853(k)(2)). Petitioner has cited no federal cases that grant a petitioner the outcome he requests, and this Court has likewise found none.

Instead, there are multiple cases holding that foreclosure actions on properties subject to forfeiture are invalid. *See, e.g., id.* ("Federal courts recognize the impropriety of commencing a foreclosure action on property listed in an indictment under 21 U.S.C. § 853(k)."); *United States v. MacInnes*, 223 F. App'x 549, 553-54 (9th Cir. 2007) (finding that a foreclosure sale is an "action against the United States" and is therefore barred by section 853(k)); *United States v. Phillips*, 185 F.3d 183, 187-88 (4th Cir. 1999) (holding that a third party cannot commence a foreclosure action to recover a lienholder's interest in forfeited real property even though the defendant has stopped

paying the mortgage; once the property is forfeited, it belongs to the Government under the relation back doctrine, and any attempt at foreclosure is barred by section 853(k)); *see also United States v. Sec. Marine Credit Corp.*, 767 F. Supp. 260, 262 (S.D. Fla. 1991) ("Though in the strictest sense Claimant's *in rem* foreclosure was brought against the property rather than against the United States, the court believes that the reach of § 853(k) is broad enough to encompass third party *in rem* actions against property owned by the United States."). If a petitioner cannot assert a foreclosure action against the Government following a forfeiture action, it simply makes no sense that a petitioner's right to pursue a foreclosure action would survive forfeiture.

As Petitioner points out, the provisions of subsection (k) are subject to the provisions of subsection (n). However, this does not benefit Plaintiff, as subsection (n) concerns only the ancillary proceeding that, ultimately, is designed to convey clear title to the Government. *See* 21 U.S.C. § 853(n)(7). Indeed, "[a]n ancillary proceeding constitutes the *sole* means by which a third-party claimant can establish entitlement to return of forfeited property." *Avila-Torres*, 2019 WL 2177342, at *5 (citing *United States v. Davenport*, 668 F.3d 1316, 1320 (11th Cir. 2012)). "[B]ecause ancillary forfeiture proceeding[s are] designed to quiet title, the entry of a final order of forfeiture gives the Government clear title to forfeited property." *Id.* (internal quotations and citations omitted).

As for *Ramunno*, the undersigned notes that in the original text, that court emphasized the word *qualifying*, rather than *exempt*. 599 F.3d at 1273. *Ramunno* did not concern the same issue that is currently before this Court and did not discuss what such an "exemption" might look like. In fact, the *Ramunno* court did not need to reach

4

the issue, because the interests in question ultimately did not qualify. *Id. at* 1275. *United States v. Gilbert,* also relied on by Petitioner, likewise sheds no light on such exemptions. 244 F.3d at 893.  In short, this Court does not find the cases cited by Petitioner helpful in its analysis.

Petitioner's argument that this result is unfair because he is an innocent victim, though compelling, is also unavailing.  This is because "[u]nlike its civil forfeiture counterpart, the criminal forfeiture statute . . . contains no innocent owner exception." *United States v. Morris*, No. 618CR159ORL37LRH, 2020 WL 2515965, at *7 (M.D. Fla. Apr. 15, 2020), *report and recommendation adopted*, No. 618CR159ORL37LRH, 2020 WL 2512882 (M.D. Fla. May 15, 2020) (citation omitted).

The proceedings outlined in 21 U.S.C. § 853 are designed to convey clear title to the Government while providing a means for those with valid interests to be recognized. Petitioner's compensation is adequately contemplated under the Government's proposed Final Order.  It is therefore that Order, ECF No. 81-1, that should be entered, subject to the provision that the forfeiture sale be carried out as soon as is practicably possible.[2]

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's Verified Petition for Hearing to Adjudicate the Validity of His Interest in Forfeited Property, ECF

---

[2] Petitioner also raises concerns regarding the need to pay delinquent property taxes and add that amount to the mortgage lien.  At the hearing, the United States stated that it had no problem with Petitioner paying the taxes but was concerned that any payment would be subject to exorbitant interest rates under the mortgage lien. The undersigned finds that Petitioner should be allowed to pay the necessary taxes if, and only if, failure to do so would result in the property being subject to a tax deed sale. The Government's concerns about exorbitant interest rates can be easily alleviated by the prompt sale of the property.

No. 59, be DENIED AS MOOT. The undersigned further recommends that the United States' Motion for Final Order of Forfeiture, ECF No. 81, be GRANTED, subject to the provisions that any forfeiture sale should take place as soon as is practicably possible, and that Petitioner should be allowed to pay delinquent taxes if necessary to avoid a tax deed sale.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 10th day of July 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record